Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
ksandoval@schneiderwallace.com

William M. Hogg (Texas SBN 24087733)
To apply for admission *Pro Hac Vice*
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Tel: (713) 338-2560; Fax: (415) 421-7105
whogg@schneiderwallace.com

*Attorneys for Plaintiff, on behalf of the Class members*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| GALE CARROLL, on behalf of herself and the Class members,<br><br>Plaintiffs,<br><br>vs.<br><br>DICK'S SPORTING GOODS, INC.<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);<br>(2) Failure to Pay Minimum Wage and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br>(3) Failure to Pay Overtime Wages (Labor Code § 510);<br>(4) Waiting Time Penalties (Labor Code §§ 201-203);<br>(5) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 201-203);<br>(6) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. Plaintiff Gale Carroll, individually and on behalf of all others similarly situated, brings this class action against Defendant Dick's Sporting Goods, Inc. ("Defendant") on behalf of individuals who have worked for Defendant as non-exempt hourly employees and have been subject to Defendant's security-check policies and practices. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked, including overtime, and have been forced to wait in security-check lines while off-the-clock. This case implicates Defendant's longstanding policies and practices, which fails to properly compensate non-exempt employees for work performed while "off-the-clock."

2. Defendant's conduct violates California law by knowingly and willfully requiring Plaintiff and Class members to perform work and/or remain on duty for the benefit of Defendant while off-the-clock. Plaintiff and Class members bring these claims to challenge Defendant's policies and practices of: (1) failing to pay Plaintiff and Class members all minimum wages owed; (2) failing to pay Plaintiff and Class members for all hours worked; (3) failing to pay Plaintiff and Class members overtime wages; (4) failing to pay all wages owed upon separation of employment; and (5) failing to provide Plaintiff and Class members accurate, itemized wage statements.

3. Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of herself and Class members Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendant has integrated into its time tracking, payroll, and security policies across its stores throughout California that have deprived Plaintiff and Class members of their lawfully earned wages.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Under CAFA, this Court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and Defendant are citizens of different states. Moreover, the number of proposed class members is believed to exceed 100.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant employs class members who reside in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendant maintains retail stores in this judicial district, and therefore is subject to personal jurisdiction here.

## PARTIES

6. Plaintiff Gale Carroll is an individual over the age of eighteen, and at all times relevant to this Complaint was a citizen and resident of the State of California, County of Fresno. Plaintiff was employed as a non-exempt cashier by Defendant at Dick's Sporting Goods in Fresno, California from approximately November 2017 to June 2019.

7. The Class members are all individuals who are or who have been employed by Defendant as hourly non-exempt employees, including but not limited to supervisors, cashiers, attendants, custodians, security guards, stockers, and other hourly and non-exempt employees throughout the State of California within the four years preceding the filing of this Complaint.

8. Plaintiff is informed, believes, and thereon alleges that Defendant Dick's Sporting Goods, Inc. is a Delaware corporation with its headquarters in Pennsylvania, and is registered to do business in California. Defendant may be served with process by serving its registered agent CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

9. Plaintiff is informed, believes, and thereon alleges that Defendant owns, operates, and/or manages retail stores throughout the state. Plaintiff is informed, believes, and thereon alleges that Defendant employs Class members, among other hourly employees, throughout the state of California.

10. At all material times, Defendant has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class members in this district and elsewhere throughout California. Defendant is a "person" as defined in Labor Code § 18 and "employer" as that term is used in the Labor Code and the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code

§ 17201.

**FACTUAL ALLEGATIONS**

11. Defendant operates a chain of retail stores throughout the United States and California. Defendant employs hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

12. Plaintiff worked at the Dick's Sporting Goods store in Fresno, California as a non-exempt cashier from November 2017 to June 2019. Plaintiff was paid at an hourly rate of $11 to $12. On average, Plaintiff was scheduled to work 4 to 8 hours per shift. She averaged 15 to 20 hours per week during the school year, and up to 30 hours per week during the summer months.

13. Upon information and belief, Class members worked more than 8 hours a day and more than 40 hours in at least one workweek during the four years before this Complaint was filed.

14. Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

15. Class members report to facilities owned, operated, or managed by Defendant to perform their jobs.

16. Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

17. Class members are required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs, including the security check requirement.

18. At the end of each pay period, Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

19. Defendant pays Class members on an hourly rate basis.

20. As a matter of course, Defendant routinely requires that Plaintiff and Class members wait in security-check lines at the end of their shifts after they are off-the-clock. Plaintiff and Class members are required to wait on average two-to-five minutes, and sometimes even longer. This time spent waiting in the security check lines is compensable, but nevertheless goes unpaid.

21. Plaintiff is informed, believes, and thereon alleges that this same security-check system is used across all Defendant's facilities throughout California.

22. Plaintiff is informed, believes, and thereon alleges that Defendant utilizes the same or substantially similar timekeeping mechanism throughout all of its stores in California.

23. As a result of these policies, Defendant denies Plaintiff and Class members compensation which they are lawfully owed, as well as the overtime premiums resulting from this additional off-the-clock, post-shift work.

24. Defendant's common course of wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Class members. In particular, Defendant has failed to record hours that Plaintiff and Class members worked off-the-clock. As a result, the wage statements that Defendant provides to Plaintiff and Class members are not accurate.

25. Further, Defendant does not provide Class members, including Plaintiff, with full payment of all wages owed at the end of employment. As these workers are owed for off-the-clock work and unpaid overtime when their employment ends, and these amounts remain unpaid under Defendant's policies and practices, Defendant fails to pay all wages due upon termination. As a consequence, Defendant is subject to waiting time penalties.

26. Defendant employs, or employed, hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

27. Defendant's method of paying Plaintiff and Class members was willful and was not based on a good faith and reasonable belief that its conduct complied with California law.

28. Defendant's conduct is willful, is carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## **RULE 23 CLASS ACTION ALLEGATIONS**

29. Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The California Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt workers employed at any Dick's Sporting Goods store throughout California any time starting four years prior to the filing of this Complaint until resolution of this action.**

30. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

31. <u>Numerosity</u>: The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendant.

32. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the California Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Defendant fails to compensate Class members for all hours worked, including as minimum wage and overtime compensation, in violation of the Labor Code and Wage Orders;

   b. Whether Defendant has a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendant off-the-clock and without compensation;

   c. Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the Labor Code and Wage Orders;

   d. Whether Defendant fails to provide Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

  e. Whether Defendant fails to timely pay Class members for all wages owed upon termination of employment in violation of the Labor Code;

  f. Whether Defendant violates Business and Professions Code §§ 17200 et seq., by:

   (a) failing to compensate Class members for all hours worked, including at minimum wage and as overtime compensation;

   (b) failing to pay Class members minimum wage for all hours worked; and

   (c) failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members;

   (d) failing to provide Class members with timely, accurate itemized wage statements;

   (e) failing to timely pay Class members for all wages owed upon termination of employment; and

  g. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

33. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

34. <u>Adequacy of Representation</u>: Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

35. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions

affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

36. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

37. If each individual Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

38. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of the Class)**

39. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

41. Defendant regularly schedules Plaintiff and the putative Class members to work shifts of eight hours. However, Defendant intentionally and willfully requires Plaintiff and Class members to complete additional work off-the-clock. For example, for every shift worked, Plaintiff and putative Class members are required to first clock out and then wait in security-check lines for an average of two to five minutes before leaving the premises. Plaintiff and Class members are not compensated

for this work. As a result, Defendant fails to pay Plaintiff and the Class members for all hours worked and fails to track their actual hours worked.

42. Labor Code § 204 provides in part that "all wages, ..., earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

43. Labor Code §1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

44. Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

45. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

46. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

47. Defendant requires Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendant without compensation.

48. In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the Class with compensation for all time worked. Defendant regularly fails to track all of the time Plaintiff and the Class actually work or to compensate them for hours worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights.

Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

49. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

50. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

51. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

52. During the applicable statutory period, California Labor Code §§ 11812 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked at the rate of ten dollars and fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

53. Defendant maintains, and has maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time spent in security check lines, which is time worked that is uncompensated.

54. As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorney's fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2, and 1197.1.

55. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
(On Behalf of the Class)

56. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

57. Defendant does not compensate Plaintiff and Class members with appropriate overtime, including time and a half, as required by California law.

58. Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

59. The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

60. Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this

10
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Carroll, et al. v. Dick's Sporting Goods, Inc.*

minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

61. Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

62. Defendant regularly requires Class members to work in excess of eight hours per day and/or forty hours per week, but does not compensate them at an overtime rate for all of this work.

63. Plaintiff and Class members have worked overtime hours for Defendant without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

64. Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and the Class members for all premium wages for overtime work, including the off-the-clock work described herein.. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

65. Defendant is liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

66. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

67. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

68. Defendant does not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

69. Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

70. IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

71. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

72. Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

73. Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provides its employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

74. Defendant is liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

75. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### **FIFTH CAUSE OF ACTION**
### **Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
### **(On Behalf of the Class)**

76. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77. Defendant does not provide putative Class members with their wages when due under California law after their employment with Defendant ends.

78. Labor Code § 201 provides:
> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

79. Labor Code § 202 provides:
> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

80. Labor Code § 203 provides, in relevant part:
> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

81. Plaintiff and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendant, which went unrecorded and/or uncompensated.

82. Defendant willfully refused and continues to refuse to pay putative Class members all the wages that are due and owing to them, in the form of uncompensated off-the-clock time, upon the end of their employment as a result of Defendant's willful failure to provide Plaintiff and the

putative Class members with payment for all hours worked. As a result of Defendant's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

83. Defendant's willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

84. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

85. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SIXTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of the Class)**

86. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87. California Business and Professions Code § 17200 *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

88. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

89. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

90. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a. violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

b. violations of Labor Code § 510 and Wage Order 4-2001 pertaining to overtime;

c. violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

d. violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

91. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

92. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

93. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

94. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

95. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important

rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

96. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

97. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of Class members, requests the following relief:

1. For an order certifying the Causes of Action herein described as a class action pursuant to Federal Rule of Civil Procedure 23;

2. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

3. For a declaratory judgment that Defendant violated the California Labor Code, California law, and public policy as alleged herein;

4. For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6. For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, penalties, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums

of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

7. For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

8. For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

9. For all costs of suit;

10. For interest on any penalties awarded, as provided by applicable law; and

11. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: July 2, 2020

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
David C. Leimbach
Kristabel Sandoval
William M. Hogg
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and Class Members*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: July 2, 2020

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell
David C. Leimbach
Kristabel Sandoval
William M. Hogg
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and Class members*