# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GALE CARROLL, on behalf of herself and the Class Members,** | **CASE NO. 1:20-CV-928 AWI SAB** |
| **Plaintiff** | **ORDER FOR ADDITIONAL INFORMATION REGARDING STIPULATION** |
| v. | |
| **DICK'S SPORTING GOODS, INC.,** | |
| **Defendant** | |

This is a putative class action that was filed by Plaintiff Gale Carroll on July 2, 2020, against Dick's Sporting Goods, Inc. Carroll is pursuing five claims based on violations of the California Labor Code and one claim based on the California Business and Professions Code. Carroll brings individual claims and seeks to represent a class of similarly situated individuals.

On August 18, 2020, the parties filed a stipulation. See Doc. No. 6. The stipulation explains that Carroll signed an arbitration agreement whereby she agreed to arbitrate all claims on an individual basis and not as a class member or representative. See id. In light of the arbitration agreement, the parties agree that the Court should strike all class claims, order the parties to litigate Carroll's individual claims through arbitration, relieve Dick's Sporting Goods from any obligation to file a responsive pleading, stay this case, and retain jurisdiction pending the conclusion of the individual arbitration. See id.

Federal Rule of Civil Procedure 23(e) requires courts to approve a proposed voluntary dismissal of a class claim even before the class has been certified. See Choo v. Wellnx Life Scis., Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019); Madrid v. TeleNetwork Partners, Ltd., 2019 U.S. Dist. LEXIS 123653, *21 (N.D. Cal. July 23, 2019). Therefore, when parties seek to voluntarily dispose of class claims, the Court must be aware of possible prejudice to a class and consider three factors before authorizing a dismissal: "(1) class members' possible

1  reliance on the filing of the action if they are likely to know of it either because of publicity or
2  other circumstances, (2) lack of adequate time for class members to file other actions, because of a
3  rapidly approaching statute of limitations, (3) any settlement or concession of class interests made
4  by the class representative or counsel in order to further their own interests." Diaz v. Trust
5  Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); Choo, 2019 U.S. Dist. LEXIS
6  181959 at *2-*3; Madrid, 2019 U.S. Dist. LEXIS 123653 at *21.

7       Here, the parties have not addressed any of the *Diaz* factors.  Given that this case was filed
8  less than two months ago, and the basis for the requested striking/dismissal is an arbitration
9  agreement, the Court finds that it likely will be appropriate to give effect to the stipulation and
10 strike the class claims.  However, without information that actually address the *Diaz* factors, the
11 Court will not give effect to the stipulation.  Instead, the Court will order the parties to file a
12 supplement that addresses each *Diaz* factor and that is supported by appropriate declarations.
13 Until the issue regarding the class claims is resolved, the Court will not order the parties to
14 arbitration.[1]

15      Additionally, the parties request that the Court stay this matter and retain jurisdiction.
16 However, if all of a plaintiff's claims are subject to arbitration, courts have the discretion to
17 dismiss the case.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988);
18 Gadomski v. Wells Fargo Bank N.A., 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2017); Luna v.
19 Kemira Specialty, Inc., 575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008).  Here, assuming that the
20 parties can make a sufficient showing under the *Diaz* factors, the only remaining claims would be
21 Carroll's individual claims which are the subject of a stipulated arbitration.  It is the Court's
22 preference to dismiss a case when all claims are subject to arbitration. Cf. id.  There is no clear
23 utility in staying the case.  Therefore, assuming that the Court strikes the class claims, the parties
24 will show cause why the Court should not simply dismiss Carroll's individual claims after
25 ordering those claims to arbitration.

26

---

27 [1] To be clear, the Court will give effect to the stipulated arbitration.  However, because the Court finds that it is likely that the parties will be able to make a satisfactory showing under *Diaz*, and given the global nature of the stipulation,
28 the Court prefers to ultimately resolve all matters in one order, likely through the proposed order (with possible modification) that the parties submitted with the stipulation.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court DECLINES to give effect to the parties' stipulation *at this time*;
2. No later than fourteen (14) days from service of this order, Plaintiff's counsel shall provide the additional information regarding each of the *Diaz* factors;[2]
3. No later than fourteen (14) days from service of this order, the parties shall show cause why the Court should not dismiss this case after ordering Plaintiff's individual claims to arbitration;
4. Defendant is RELIEVED of the obligation to file a response to the Complaint until directed by the Court to do so.

IT IS SO ORDERED.

Dated:   August 27, 2020

SENIOR DISTRICT JUDGE

---

[2] Defense counsel may submit supplemental information, if appropriate.