1

2

3

4

5

6    **UNITED STATES DISTRICT COURT**

7    **EASTERN DISTRICT OF CALIFORNIA**

8

9    **GALE CARROLL, on behalf of herself**          **CASE NO. 1:20-CV-928 AWI SAB**
     **and the Class Members,**

10

11            **Plaintiff**                          **ORDER REGARDING STIPULATION**
                                                      **FOR ARBITRATION AND STRIKING**
              **v.**                                  **CLASS CLAIMS**

12

13   **DICK'S SPORTING GOODS, INC.,**
                                                      (Doc. No. 6)

              **Defendant**

14

15

16          This is a putative class action that was filed by Plaintiff Gale Carroll on July 2, 2020,

17   against Dick's Sporting Goods, Inc.  Carroll is pursuing five claims based on violations of the

18   California Labor Code and one claim based on the California Business and Professions Code.

19   Carroll brings individual claims and seeks to represent a class of similarly situated individuals.

20          On August 18, 2020, the parties filed a stipulation.  See Doc. No. 6.  The stipulation

21   explains that Carroll signed an arbitration agreement whereby she agreed to arbitrate all claims on

22   an individual basis and not as a class member or representative.  See id.  In light of the arbitration

23   agreement, the parties agree that the Court should strike all class claims, order the parties to

24   litigate Carroll's individual claims through arbitration, relieve Dick's Sporting Goods from any

25   obligation to file a responsive pleading, stay this case, and retain jurisdiction pending the

26   conclusion of the individual arbitration.  See id.

27          Federal Rule of Civil Procedure 23(e) requires courts to approve a proposed voluntary

28   dismissal of a class claim even before the class has been certified.  See Choo v. Wellnx Life Scis.,

1   Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019); Madrid v. TeleNetwork

2   Partners, Ltd., 2019 U.S. Dist. LEXIS 123653, *21 (N.D. Cal. July 23, 2019).  Therefore, when

3   parties seek to voluntarily dispose of class claims, the Court must be aware of possible prejudice

4   to a class and consider three factors before authorizing a dismissal:  "(1) class members' possible

5   reliance on the filing of the action if they are likely to know of it either because of publicity or

6   other circumstances, (2) lack of adequate time for class members to file other actions, because of a

7   rapidly approaching statute of limitations, (3) any settlement or concession of class interests made

8   by the class representative or counsel in order to further their own interests."  Diaz v. Trust

9   Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); Choo, 2019 U.S. Dist. LEXIS

10  181959 at *2-*3; Madrid, 2019 U.S. Dist. LEXIS 123653 at *21.

11       In this case, the stipulation did not address the *Diaz* factors.  Thus, on August 27, 2020, the

12  Court directed the parties to submit supplemental information that addressed the *Diaz* factors and

13  why the Court should not simply dismiss this case instead  of issuing a stay.  On September 10,

14  2020, the parties filed supplemental information.

15       Plaintiff's supplement indicates that class counsel is unaware of any publicity regarding

16  this case and his firm did not conduct any outreach efforts to class members.  Plaintiff also

17  indicates that it has been represented to him by defense counsel that virtually every potential class

18  member signed an arbitration agreement like the one that Plaintiff signed.  This would prevent the

19  potential class members from participating either as class members or class representatives.

20  Further, the statute of limitations for the Labor Code claims is three years and the statute of

21  limitations for the unfair business practices case is four years.  Because this case was filed in July

22  2, 2020, the number of potential class members who would be adversely affected by striking the

23  class claims is limited.  Additionally, Plaintiff represents that the stipulation is not conditioned on

24  any type of settlement or self-interested concession, rather it is based only on the existence of a

25  valid arbitration agreement.  Finally, Plaintiff states that a stay is requested for efficiency purposes

26  because if there is a challenge to an arbitration award, or an attempt to enforce an award, an

27  entirely new action would otherwise have to be filed.[1]

28

---

[1] Defendant has represented that it will defer to the Court regarding its customary practices in arbitration cases.

1    After review, the Court finds that it is appropriate to give effect to the stipulation.

2    First, based on the concession that a valid and enforceable arbitration agreement exists

3  between Plaintiff and Defendant, and the representation that the arbitration agreement prohibits

4  Plaintiff from participating in or initiating class actions, the Court will order Plaintiff to arbitrate

5  her individuals claims against Defendant.

6    Second, after considering the supplemental information by Plaintiff, the Court concludes

7  that the *Diaz* factors weigh in favor of striking the class claims.  There is nothing before the Court

8  to suggest that this case is well-known or that potential class members are otherwise relying on

9  this case to validate their rights.  The evidence does not indicate that a significant percentage of

10  class members are facing a statute of limitations bar.  Moreover, any statute of limitations

11  concerns that are present are essentially dispelled by the representation that virtually all potential

12  class members would be subject to an arbitration agreement that is identical to the one signed by

13  Plaintiff.  As a result, this class action cannot benefit virtually every potential class member

14  because Defendant is enforcing that agreement.  Finally, the Court has no reason to question the

15  representation that the stipulation was purely the result of the arbitration agreement, and that there

16  are no concessions or settlements between counsel.  Therefore, the Court will strike all class

17  claims.

18    Finally, the Court understands Plaintiff's concern regarding the efficient resolution of

19  either a challenge to an arbitration award or an attempt to enforce an arbitration award.

20  Nevertheless, it is speculative that either a challenge or enforcement action/motion will be

21  necessary, particularly given the penalties involved for individual claims under the Labor Code.

22  Further this Court has one of the most congested dockets in the country.  That congestion is made

23  worse by the fact that there is only one full time active judge in the Fresno Division.  There is

24  nothing unique about this case that would strongly counsel in favor of the Court staying this action

25  and actively monitoring its docket to ensure that the parties inform the Court of a resolution.

26  Because all non-stricken claims will be sent to arbitration, the Court will exercise its discretion

27  and dismiss this case.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988);

28  Gadomski v. Wells Fargo Bank N.A., 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2017).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.      The Court will give effect to the substance of the parties' August 18, 2020, stipulation (Doc. No. 6);

2.       All class claims and class allegations in the Complaint are STRICKEN;

3.      The remaining individual claims of Plaintiff shall be ARBITRATED with the AAA pursuant to the arbitration agreement that exists between Plaintiff and Defendant;

4.      This case is DISMISSED; and

5.      The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 11, 2020

_____

SENIOR  DISTRICT  JUDGE